IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JARED AUSTIN,                    :
a/k/a Derrick Cross,             :      CIVIL ACTION
                                 :      NO. 15-1597
        Petitioner,              :
                                 :
    v.                           :
                                 :
MICHAEL WENEROWICZ, et al.,      :
                                 :
        Respondents.             :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    December 12, 2016


        Petitioner Jared Austin, also known as Derrick Cross[1]

("Petitioner"), brings this pro se petition for a writ of habeas

corpus under 28 U.S.C. § 2254 (the "Petition") challenging his

convictions for third-degree murder, carrying a firearm without

a license, and possession of an instrument of crime.  Petitioner

claims that: (1) his trial counsel incorrectly informed him that

he could receive the death penalty after trial, leading him to

plead guilty; (2) his sentence is excessive in violation of the

---

[1]        Although Petitioner's birth name is Derrick Cross, he
was convicted under the name Jared Austin.  Petitioner's prison
records refer to Petitioner as Jared Austin.  Petitioner moved
to amend the caption of the instant action to reflect both
names, ECF No. 7, and the Court granted the motion, ECF No. 8.

Eighth Amendment; and (3) he received ineffective assistance of counsel in his post-conviction state court proceedings. Magistrate Judge M. Faith Angell recommended that the Court dismiss the Petition without a hearing and without issuing a certificate of appealability, and Petitioner objected.  For the reasons that follow, the Court will adopt Judge Angell's Report and Recommendation ("R&R"), overrule Petitioner's objections, and deny the Petition.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On October 26, 2004, Petitioner entered a negotiated guilty plea to (1) murder in the third degree, (2) carrying a firearm without a license, and (3) possessing an instrument of crime.  R&R at 1, ECF No. 21.  The trial court sentenced Petitioner to twenty to forty years on the third-degree murder conviction and consecutive terms of two-and-a-half to five years each on the two weapons convictions.  Id. at 2.  Petitioner was represented by counsel at his plea and sentencing.  Id.

At Petitioner's plea colloquy, the underlying facts were described as follows:

> [O]n January 24, 2004, [P]etitioner got into a fight with Robert Robinson at Dooner's Bar located at 2748 North 29th Street in Philadelphia.  After leaving the bar, Mr. Robinson called his brother, Gregory Gay (the decedent) who was friends with [P]etitioner.  Mr. Gay found [P]etitioner near the intersection of Somerset Street and Newkirk Street, nearby Dooner's Bar. Petitioner shot Mr. Gay multiple times in the back,

2

> buttocks, arm, penis, and scrotum. Police officers, responding to reports of gunshots, found Mr. Gay alive, and he identified [P]etitioner as the shooter. Mr. Gay was then taken to Temple Hospital, where he was pronounced dead from multiple gunshot wounds. The following day, in police custody, [P]etitioner gave an inculpatory statement admitting responsibility for Mr. Gay's death. Police ultimately recovered six .40-caliber cartridge casings from the scene of the shooting. Petitioner did not have a valid license to carry a firearm.

Id. On November 5, 2004, Petitioner filed a post-sentencing motion to withdraw his guilty plea and for reconsideration of his sentence. Id. On December 2, 2004, the trial court denied Petitioner's motion to withdraw his plea, but reduced his sentence on the two weapons convictions to consecutive terms of one to five years each. Id. Petitioner's aggregate sentence was thereby reduced to twenty-two to fifty years. Id.

On October 4, 2006, Petitioner was granted limited relief, pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546, that permitted him to file a nunc pro tunc appeal from his judgment of sentence. Id. Petitioner raised two issues on direct appeal: (1) the trial court erred by refusing to permit him to withdraw his guilty plea; and (2) the sentence imposed was excessive. Id. at 2-3. The Pennsylvania Supreme Court affirmed Petitioner's sentence on September 10, 2007, in an unpublished memorandum opinion, and denied allocatur on May 20, 2008. Id. at 3.

3

Petitioner filed a timely PCRA petition on July 30, 2008. Id. He brought a claim for ineffective assistance of counsel on the grounds that his trial counsel: (1) failed to investigate Petitioner's self-defense claim; (2) incorrectly advised Petitioner that he could receive the death penalty at trial; and (3) waived Petitioner's right to a pre-sentence investigation. Id. On March 11, 2010, Petitioner's court-appointed counsel, Barbara McDermott, Esq., filed a no-merit letter under Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), and petitioned to withdraw as counsel. R&R at 3.

Petitioner subsequently retained new counsel, Robert Gamburg, Esq. Id. On August 27, 2012, Mr. Gamburg submitted a letter to the PCRA court, stating that he concurred with Ms. McDermott following his independent review of the record, and incorporating Ms. McDermott's no-merit letter. Id. On October 1, 2012, the PCRA court issued a notice of intent to dismiss Petitioner's PCRA petition without a hearing. On November 5, 2012, the PCRA court dismissed the petition. Id.

Petitioner filed a timely appeal of the dismissal of his PCRA petition on December 4, 2012, to the Pennsylvania Superior Court. Id. On July 2, 2013, Petitioner filed a counseled statement setting forth his claim on appeal: that his guilty plea was not knowing, voluntary, and intelligent. Id. The PCRA court filed a Rule 1925(a) opinion in response on

October 2, 2013.  Id.; see also 210 Pa. Code § 1925.  On

November 19, 2013, Mr. Gamburg filed a petition to withdraw as

counsel under Anders v. California, 386 U.S. 738 (1967).  Id. at

3-4.  On January 16, 2014, Petitioner filed a pro se response to

Mr. Gamburg's petition to withdraw, alleging that Mr. Gamburg

provided ineffective assistance of counsel because he failed to

conduct a thorough, independent review of the record.  R&R at 4.

On September 8, 2014, the Superior Court affirmed the dismissal

of Petitioner's PCRA petition and granted Mr. Gamburg's petition

to withdraw as counsel.[2]  Id.  Petitioner sought allocatur before

the Pennsylvania Supreme Court, which denied his request in an

order dated December 12, 2014.  Id.

        Petitioner filed the instant Petition on March 24,

2015.  ECF No. 1.  Petitioner raises three claims for habeas

relief: (1) his trial counsel incorrectly advised him that he

could face the death penalty at trial; (2) his sentence is

excessive; and (3) his second PCRA counsel, Mr. Gamburg, was

ineffective because he failed to conduct a diligent review of

the record.  See id. at 5-7.  On June 10, 2015, Petitioner filed

a memorandum of law in support of his petition.  ECF No. 9.  On

March 8, 2016, the Commonwealth filed a response, arguing that

---

[2]        The Superior Court noted that the appropriate filing
to accompany counsel's petition to withdraw on an appeal from
the denial of a PCRA petition would be a Finley no-merit letter,
but the court acknowledged that it could accept an Anders brief
instead.  Id. at 4 n.6.

Petitioner's first claim is procedurally defaulted and his second and third claims are not cognizable on habeas review. ECF No. 18.   Petitioner filed a reply on March 25, 2016.   ECF No. 19.

Judge Angell issued a Report and Recommendation on May 12, 2016.   ECF No. 21.   Judge Angell concluded that Petitioner's claim regarding the ineffectiveness of his trial counsel was not procedurally defaulted, but was meritless.   Id. at 10-11.   Judge Angell further found that Petitioner's second and third claims, regarding the length of his sentence and the effectiveness of his post-conviction counsel, are not cognizable on habeas review.   Id. at 7, 11-13.

Petitioner timely filed objections to the R&R on May 25, 2016.   ECF No. 22.   His objections, and the Petition, are now ripe for disposition.

## II.   LEGAL STANDARDS

A district court may refer an application for a writ of habeas corpus to a United States magistrate judge for a report and recommendation.   See Rules Governing § 2254 Cases, R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636.").   A prisoner may object to the magistrate judge's report and recommendation within fourteen days after being served with a

copy thereof. See 28 U.S.C. § 636(b)(1); E.D. Pa. Civ. R.
72.1(IV)(b). The district court then "make[s] a de novo
determination of those portions of the report or specified
proposed findings or recommendations to which objection is
made." 28 U.S.C. § 636(b)(1). The district court does not,
however, review generalized objections. See Brown v. Astrue,
649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that
§ 636(b)(1) requires district courts to review such objections
de novo unless the objection is not timely or not specific."
(quoting Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984)).
Ultimately, the district court "may accept, reject, or modify,
in whole or in part, the findings or recommendations made by the
magistrate judge." 28 U.S.C. § 636(b)(1).

On habeas review, a federal court must determine
whether the state court's adjudication of the claims raised was
(1) contrary to, or an unreasonable application of, clearly
established federal law, or (2) based on an unreasonable
determination of the facts in light of the evidence presented.
28 U.S.C. § 2254(d). A state court decision is "contrary to"
established precedent when the state court "applies a rule that
contradicts the governing law set forth in [Supreme Court]
cases" or "if the state court confronts a set of facts that are
materially indistinguishable from a decision of [the Supreme]
Court and nevertheless arrives at a result different from

7

[Supreme Court] precedent." Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). A state court decision involves an "unreasonable application" of established precedent when the "state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 75.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), on habeas review, a federal court must presume that factual findings of state trial and appellate courts are correct. Stevens v. Del. Corr. Ctr., 295 F.3d 361, 368 (3d Cir. 2002). A petitioner may overcome this presumption only on the basis of clear and convincing evidence to the contrary. See Burt v. Titlow, 134 S. Ct. 10, 16 (2013) ("AEDPA requires a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement. If this standard is difficult to meet--and it is--that is because it was meant to be." (quoting Harrington v. Richter, 562 U.S. 86, 102-03 (2011)); see also Stevens, 295 F.3d at 369.

When considering a prisoner's pro se petition, a federal court should bear in mind that "[a] habeas corpus petition prepared by a prisoner without legal assistance may not

be skillfully drawn and should thus be read generously." Rainey
v. Varner, 603 F.3d 189, 198 (3d Cir. 2010); see also U.S. ex
rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)
("It is the policy of the courts to give a liberal construction
to pro se habeas petitions.").

## III. DISCUSSION

Petitioner raises three objections to the R&R: (1) the
lack of a record does not foreclose Petitioner's claim that his
trial counsel erroneously advised him that he could face the
death penalty at trial, see Objs. at 2-3, ECF No. 22; (2)
Petitioner's sentence was excessive because the trial court made
a sentencing determination without reviewing a presentence
report or psychological evaluation, see id.; and (3)
Petitioner's PCRA counsel did not provide effective assistance
of counsel because he failed to conduct a thorough review of the
record prior to filing his Anders brief, see id. at 4-6.

### A.    Ineffective Assistance of Counsel at Trial

To obtain reversal of a conviction on the basis of
ineffective assistance of counsel in violation of the Sixth
Amendment, a prisoner must establish that (1) his "counsel's
representation fell below an objective standard of
reasonableness" and (2) the deficient performance prejudiced his
defense.  Strickland v. Washington, 466 U.S. 668, 688, 692

(1984); see also Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008).

A court will consider the reasonableness of counsel's performance under all of the circumstances, and the court's "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. To satisfy the first prong of Strickland, the prisoner must (1) identify acts or omissions that do not result from "reasonable professional judgment" and (2) establish that the identified acts and omissions fall outside of the "wide range of professionally competent assistance." Id. at 690. To prove prejudice, a prisoner must affirmatively show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. If a prisoner fails to satisfy either prong of the Strickland standard, his claim will fail. Id. at 697.

On federal habeas review of an ineffective assistance of counsel claim, the "pivotal question is whether the state court's application of the Strickland standard was unreasonable," Harrington, 562 U.S. at 89; that is, "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard," id. at 101. "A state court

must be granted a deference and a latitude that are not in operation when the case involves review under the Strickland standard itself." Id. at 101. Habeas review of an ineffective assistance of counsel claim is therefore "doubly" deferential. Id. at 105 (quoting Knowles v. Mirzayance, 556 U.S. 111, 123 (2009)).

Petitioner states in his Petition that his first ground for relief is that the trial court "erroneously refused to allow withdrawal of [Petitioner's guilty] plea," Pet. at 5, but Petitioner then elaborates that the plea should have been withdrawn because it was based on trial counsel's incorrect advice that if Petitioner "went to trial he could face the death penalty," id. Because Petitioner's claim rests on his allegation that his trial counsel provided him with incorrect advice, Judge Angell interpreted Petitioner's claim as one for ineffective assistance of counsel, not trial court error. The Court agrees with this interpretation of Petitioner's first ground for relief.

After evaluating Petitioner's claim of ineffective assistance of counsel under the doubly deferential standard articulated in Harrington, Judge Angell concluded that the Superior Court reasonably determined Petitioner was not entitled to relief. R&R at 11. As Judge Angell noted, the Superior

11

Court addressed Petitioner's claim on collateral review as

follows:

> The second issue raised is that trial counsel was
> ineffective for erroneously advising [petitioner] that
> he could receive the death penalty if he insisted on
> going to trial.   There is nothing in the record to
> support such an allegation.   The Commonwealth never
> filed notice of intent to seek the death penalty in
> this case.   At the guilty plea hearing, [petitioner]
> testified that he was entering the plea of his own
> free will and that no one had made any threats or
> promises to force him to plead guilty. (Notes of
> testimony, 10/26/04 at 7). [Petitioner] is bound by
> the statements he made, under oath, at his guilty plea
> hearing.   Commonwealth v. Stork, 737 A.2d 789, 790-791
> (Pa. Super. 1999), appeal denied, 764 A.2d 1068 (Pa.
> 2000), citing Commonwealth v. Lewis, 708 A.2d 497 (Pa.
> Super. 1998).   In addition, at the December 2, 2004
> hearing    on    post-sentence    motions,    including
> [petitioner]'s post-sentence motion to withdraw his
> guilty plea, [petitioner] never alleged that his
> attorney told him he faced the death penalty unless he
> pled guilty.   It is clear that [petitioner] was simply
> disappointed with his sentence, which is not a basis
> for withdrawal. (Notes of testimony, 12/2/04 at 3).
> The trial court asked [petitioner] if he had anything
> to say and he said no.   (Id. at 5.)
>
> Most importantly, in addition to the counseled motion
> to withdraw his guilty plea, [petitioner] filed a pro
> se motion and memorandum of law, in which he alleged,
> "the Attorney representing me only said, 'You will
> receive a LIFE sentence if you don't plead guilty.'"
> (Docket #D2; "pro se motion to modify sentence nunc
> pro tunc," filed 2/22/05 (emphasis in original).)
> Therefore, [petitioner]'s argument in this regard is
> belied by his own assertions.   In point of fact,
> [trial counsel]'s advice was accurate.   As this court
> observed on direct appeal, "The evidence summarized by
> the Commonwealth actually supported a charge of first
> degree   murder,   which   carries   a   mandatory   life
> sentence."   Austin, supra at 2.   By entering a guilty
> plea to third degree murder, [petitioner] avoided a
> very possible life sentence.

R&R at 10-11 (quoting Commonwealth v. Cross, 3280 EDA 2012, slip op. at 7-9 (Pa. Super. Ct. 2014)).

The Court agrees with Judge Angell's finding that Petitioner has failed to establish that the Superior Court's adjudication of his claim of ineffective assistance of counsel at trial was contrary to, or involved an unreasonable application of, Supreme Court precedent.  While trial counsel's failure to properly advise a defendant regarding the advantages and disadvantages of pleading guilty may constitute ineffective assistance of counsel under certain circumstances, see Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012), the Superior Court found that there was no evidence in the record that Petitioner's trial counsel did not provide effective assistance of counsel regarding the plea offer Petitioner received in this case, see R&R at 10.  In fact, as the Superior Court noted, Petitioner previously submitted a motion to withdraw his guilty plea in which he specifically stated that his trial attorney advised him that he would receive a life sentence if he did not plead guilty.  Id.

In order to establish that his trial counsel's performance fell below an objective standard of reasonableness under Strickland, Petitioner would need to prove, at minimum, that his allegations regarding his counsel's inadequate representation are true.  Petitioner has provided no facts

13

supporting his allegation that his trial counsel informed him
that he could receive the death penalty, and indeed,
Petitioner's own prior statements contradict his allegation.[3]
Without any evidence in the record supporting Petitioner's
allegation that his trial counsel did not properly advise him
regarding his plea offer, this Court cannot conclude that the
Superior Court's application of the Strickland standard was
"unreasonable." Harrington, 562 U.S. at 101.

    B.    Excessive Sentence

        Petitioner's second claim is that his sentence was
"excessive" in violation of the Eighth Amendment.   Pet. at 5.
In his memorandum of law supporting the Petition, Petitioner
argues that at his sentencing hearing, the trial court only
considered the nature of the crime, and not Petitioner's
background.   ECF No. 9 at 9.   Petitioner claims that this was in

---

[3]        In his objections, Petitioner appears to argue that
the lack of a record supporting his assertions that trial
counsel advised him that he could face the death penalty at
trial is due to his counsel's failure to include the notes of
testimony from Petitioner's guilty plea hearing in the record on
Petitioner's direct appeal.   Objs. at 2.   However, regardless of
whether or not the transcript of Petitioner's guilty plea
hearing was part of the record on direct appeal, it was
certainly part of the record on Petitioner's PCRA claim, as the
PCRA court relied on it.   See Commonwealth v. Cross, 3280 EDA
2012, slip op. at 7-8 (Pa. Super. Ct. 2014) (citing transcript
of guilty plea hearing).   Further, the PCRA court determined
that Petitioner's testimony at his guilty plea hearing did not
provide any support for his claim that his trial counsel
provided inaccurate advice regarding his potential sentence.
Id. at 7-9.

part because his trial counsel waived a presentencing report and

psychological evaluation.    Id.

As Judge Angell noted, the Superior Court addressed

Petitioner's excessive sentence claim on direct appeal, finding

the following:

> In fact, the trial court did reduce
> [Petitioner's] sentence for the additional
> charges, reducing the minimum sentence from
> 25 to 22 years.  The sentence was within the
> standard range.  The evidence summarized by
> the Commonwealth actually supported a charge
> of first degree murder, which carries a
> mandatory life sentence.    The defendant
> waived a presentence and psychological
> evaluation, so no full presentation of his
> background was before the court.  The court
> did note that Austin had never earned an
> honest living.    Particularly when by plea
> bargain the defendant avoided a very
> possible life sentence, there is no merit to
> the claim that the trial judge abused her
> discretion in sentencing.

R&R at 11-12 (quoting Commonwealth v. Austin, 3010 EDA 2006,

slip op. at 2 (Pa. Super. Ct. 2007)).

Judge Angell concluded that Petitioner's excessive

sentence claim is not cognizable because it presents no federal

law question.  R&R at 12.  Petitioner objects to Judge Angell's

conclusion that his excessive sentence claim is not cognizable

by arguing, as he did in his memorandum of law in support of the

Petition, that his trial counsel waived his presentence and

psychological evaluation without his consent.  Objs. at 3.

15

An individual sentence is excessive in violation of the Eighth Amendment only if the sentence is "grossly disproportionate" to the crime based on a comparison of "the gravity of the offense and the severity of the sentence." Graham v. Florida, 560 U.S. 48, 59-60 (2010).  In the "rare case" in which the threshold comparison "leads to an inference of gross disproportionality," a court will then "compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions."  Id. at 60 (quoting Harmelin v. Michigan, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring)).  A sentence is cruel and unusual in violation of the Eighth Amendment only if this comparative analysis validates the court's initial judgment that the sentence is grossly disproportionate.  Id.

The bar for establishing a "grossly disproportionate" sentence is extremely high, and "successful challenges to the proportionality of particular sentences should be exceedingly rare."  Ewing v. California, 538 U.S. 11, 22 (2003) (quoting Hutto v. Davis, 454 U.S. 370, 374 (1982)) (rejecting a challenge to a sentence of 25 years to life for the theft of a few golf clubs under California's "three strikes" rule).  "Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment"

16

because of the "substantial deference" accorded to Congress and
its "broad authority to determine the types and limits of
punishments for crimes." United States v. Miknevich, 638 F.3d
178, 186 (3d Cir. 2011).

Petitioner does not argue, as required to establish an
Eighth Amendment violation, that his sentence was grossly
disproportionate to his crimes based on a comparison of "the
gravity of the offense and the severity of the sentence."
Indeed, given the circumstances of Petitioner's crimes,
including his conviction for third-degree murder, his twenty-two
to fifty year sentence is not one of the "exceedingly rare"
cases of an unconstitutionally disproportionate sentence. Cf.
Solem v. Helm, 463 U.S. 277, 281 (1983) (finding that a life
sentence without the possibility of parole for a conviction of
"uttering a 'no account' check for $100" violated the Eighth
Amendment).

Instead, Petitioner appears to claim that his sentence
is excessive because the trial court abused its discretion by
failing to consider Petitioner's background when determining
Petitioner's sentence. See Pet. at 2. Petitioner raises the
same argument again in his objections. See Objs. at 3. That
claim is not cognizable on federal habeas review.

A federal court lacks jurisdiction to consider a
habeas petition under § 2254 unless a prisoner establishes that

17

he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A challenge to a state court's sentencing decision on the basis of a violation of state law is not a valid ground for federal habeas relief.  See Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 43 (3d Cir. 1984).  Thus, a federal court generally will not review a state court sentence that complies with the applicable statutory maximum, absent a claim that the sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment or violates due process.  See Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.").

Here, the trial court sentenced Petitioner to a term of twenty to forty years' imprisonment for third-degree murder and consecutive terms of one to five years' imprisonment each for carrying a firearm without a license and possessing an instrument of crime.  R&R at 12.  The statutory maximum for third-degree murder is forty years.  See 18 Pa. Cons. Stat. § 1102(d).  Under Petitioner's circumstances, carrying a firearm without a license carries a maximum sentence of seven years, see 18 Pa. Cons. Stat. § 1103(3), and possessing an instrument of crime carries a maximum sentence of five years, see 18 Pa. Cons.

18

Stat. § 1104(1).  Petitioner's sentences therefore fall within the state statutory limits.

Petitioner's sentences were not beyond the state statutory maximums for his convictions, and Petitioner has provided no other basis for an Eighth Amendment challenge to his sentence.  Therefore, Petitioner is not entitled to habeas relief with respect to his claim of an excessive sentence in violation of the Eighth Amendment.  Accordingly, the Court overrules Petitioner's objection that he is entitled to relief because the state trial court did not consider his background when determining his sentence.

C.   Ineffective Assistance of Counsel During State Post-Conviction Proceedings

Finally, Petitioner claims in his Petition that his counsel for his state post-conviction proceedings, Mr. Gamburg, provided ineffective assistance of counsel because he failed to conduct a diligent review of the record in Petitioner's case prior to filing his motion to withdraw as counsel.  Pet. at 7, 10.  Judge Angell determined that this claim was not cognizable on federal habeas review.  R&R at 7.  Petitioner objects to Judge Angell's finding by arguing that he is entitled to relief because his PCRA counsel, Mr. Gamburg, did not meet the "conscientious investigation" standard mandated by the

Pennsylvania Supreme Court in Commonwealth v. Santiago, 978 A.2d 349, 354-55 (Pa. 2009).  See Objs. at 4-5.

Section 2254(i) specifically provides that "[t]he ineffectiveness or incompetence of counsel during . . . State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).  While the Supreme Court has recognized that ineffective assistance of counsel during state post-conviction proceedings may establish "cause" to excuse the procedural default of a petitioner's claim of ineffective assistance at trial, see Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012), Petitioner is not advancing his post-conviction ineffective assistance of counsel claim for that purpose here.  Indeed, the Superior Court did not find that Petitioner's claim of ineffective assistance of counsel at trial was procedurally defaulted, and the court considered that claim on the merits. In contrast to the petitioner in Martinez, Petitioner's third claim in this action is a stand-alone claim of ineffective assistance of counsel during his state collateral post-conviction proceedings.  Section 2254(i) expressly precludes federal habeas review of that type of claim.

Because the Court agrees with Judge Angell's conclusion that Petitioner's claim of ineffective assistance of counsel during his state post-conviction proceedings is not

20

cognizable on habeas review, the Court overrules Petitioner's objection, which relates solely to the merits of his claim.

## IV.   CERTIFICATE OF APPEALABILITY

When denying a § 2254 petition, a district court must also determine whether to issue a certificate of appealability. 3d Cir. Local App. R. 22.2.  A district court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  The Court will not issue a certificate of appealability here because Petitioner has not made a substantial showing of the denial of his constitutional rights.  See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

## V.   CONCLUSION

For the foregoing reasons, the Court will approve and adopt Judge Angell's Report and Recommendation, overrule Petitioner's objections thereto, and dismiss the Petition without a hearing and without issuing a certificate of appealability.